Sedgwick, C. J.
The action was under the statute for demages for the death of the intestate, that, as alleged by the complainant, bad been caused by the negligence of the servants of the defendants. On the trial the complaint was dismissed. The exceptions were ordered to be heard in the first instance at general term. , The collision occurred in the water in the harbor of New York. The defendant gave testimony that its steamboat was going down the river in a southwesterly direction. The tugboat, of which the intestate was a cook and was aboard at the time, appeared as she had just rounded the Battery, and was going in a northwesterly direction. Both had green apd red lights in the proper places, as required by the rules of the harbor. On seeing the lights of the tugboat, the steamboat whistled successively three times. She was a high steamboat,-with many lights. The tug did not see her or hear her, and did not attempt to leave her a free course. The defendant claims that it is evident that the tug was.in the wrong under the rules of navigation. 13 Stat 60, *580 April' 29, 1864: “If two ships under steam are crossing, so as to involve risk of collision, the ship which has the other on her own starboard side, shall keep out of the way of the other.”
The tugboat had the steamboat on her starboard side. The defendants claim that they are not liable, because of the tug’s violation of the statute. The rule to be applied to a case in which there is a collision of the kind referred to is amply stated in Hoffman v. Union Ferry Co., 68 N. Y. 390. “The question is one of negligence on the-part of those in charge of the respective vessels, and the omission of either or both to conform to legislative enactments is but one of the circumstances to be considered in ascertaining the proximate cause of the injury, and if it appears that the injury was caused solely by the negligence or want of proper care and caution in the management of either of the vessels, and that the disregard of the statutory regulation did not contribute to the injury, directly or indirectly, the bare omission to comply with the statute will not bar an action by the injured vessel, if otherwise free from fault, again'st the one by whose neglect the injury was caused.”
The facts were that the course of the steamboat wag about souths westerly, and that of the tugboat was about northwesterly. While afar off, the steamboat, sighting the tug, gave the customary whistles. The tugboat did not answer. The steamboat went on until she came near the tugboat. If the collision happened then, it might be argued that it .was caused by the tugboat’s neglect of the rules for the navigation of the harbor. But, when near the tugboat, the steamboat stopped. At that point she was bound to use ordinary care, prudence, and skill to prevent a collision with the tug. The question then is, did the plaintiff prove that the steamboat neglected that duty? The captain of the steamboat was called as a witness by the plaintiff, and testified: “ I stopped and backed. I was, I suppose, 100 to 200 feet broad off from the tug yheri I began to stop my boat. I stopped the engines, and backed the boat. Stopped her still.” »
The testimony of the other witnesses on the point did not contradict or modify this testimony. The pilot of the tugboat testified that the steamboat had to move to strike the boat. This was upon the theory that the tug did not herself move on to contact with the boat. In fact, it appeared that after going at her usual speed, as she approached the steamboat in a sidling direction, she went at full speed. The captain of the tugboat, a witness for the plaintjff, testified: “ Q. Was she going at the time ? A. Ho, I guess she was stopped. I guess she must have been moving. Her engine had stopped, but she had some way on her. I will not swear that she was moving at all by the ground. She must have had some way on. If she had not, I don’t suppose she would have hit us. We were moving.”
Much of this does not speak of fact, but of inferences. The defendant did not call witnesses.
On the plaintiff’s case, I am of opinion that, after stopping and backing, the steamboat was not moving immediately before the collision. If this be not correct, then another fact that appeared *581 in plaintiff's case must be considered. If the steamboat had been a few feet further away from the -tug, no collision would have taken place. Now, there was not proof that the use of ordinary diligence in selecting the point of stopping the engines of the steamboat would have resulted in the steamboat’s coming to rest short of the few feet that have been attested. There may have been no want of ordinary judgment. It was not proved that, under the circumstances, the pilot of the steamboat did not use the ordinary skill. One of these circumstances was that the tug was moving at the usual rate. This might have caused, without negligence, a mistake of a few feet. It must be kept in mind that the fact of the collision, by and of itself, does not prove that defendant was negligent.
The result being that the plaintiff did not show negligence on the part of the defendant, it is unnecessary to examine the other question in the case, as to whether the tugboat was negligent, and, if it was, as to whether thp,t would prevent a cause of action in the plaintiff because he was one of the crew. Plaintiff’s exceptions overruled, and judgment ordered for the defendant, with costs. All concur.